PbaRSoíí, J.
The case turns entirely upon the construction of the deed of settlement, as it is called.
We concur with the defendant’s counsel in the position» which was mainly debated upon the argument of the cause, that the words, “To have and to hold all and singular the land, negroes, &c., to the only use and benefit of the said Mar}" Hooks, her executors and assigns forever,” cannot be considered as amounting to a gift to her next of kin, For, “ executors and assigns,” taken as words of purchase, cannot mean “next of kin.” No case has ever gone so far, and the authorities cited for the defendant fully prove that these words, taken as words of purchase, designate the personal representatives. Executors and Administrators, 1 Phillips 1. But, in truth, the words, as used in this clause, are only intended to limit to Mary Hooks an absolute estate, and they are used in reference to her in the same sense that they would have been used in reference to a trustee, had there been one — ; that is, to convey the idea, that the estate was to be absolute. If there was nothing more in the deed, we should hold clearly, that Mrs. Hooks taking an absolute estate, and dying without making a disposition thereof, the personal estate would pass according to law to her husband as administrator, or to such person as might administer •for the use of the husband.
But from the whole instrument the intention is clear, that the defendant had agreed to accept the use and profits of the land, negroes, &c , during the coverture at a \nominal rent of one dollar, if demanded, and to divest himself, to renounce, and give up all further right, which he would otherwise have been entitled to, either in law or equity as husband. The language used to express this *93 intention is as definite and explicit as language can be, and the only want of perspicuity is occasioned by using too many words, in the earnest desire, that the intention should not be misunderstood.
“I, the said Lee, do hereby sell-, assign, deliver, alien, and confirm, and have by these presents sold, assigned, aliened, delivered and confirmed to the said Mary Hooks all the right, title, estate, interest and benefit, which I may by operation of law acquire, derive, or receive, either in law or equity in and to the following real and personal estate, belonging to the said Mary Hooks, by reason of said intermarriage.”
Our attention was called to the fact, that in the clause covenanting for further assurance, the intention is not ex* pressed quite so forcibly. The intention is,‘‘entirely to divest himself of right, title, and estate in and to the land and negroes, &c.; so that, he nor his creditors shall have any right to sell or contract the same.”
If these words were inconsistent with the intention previously expressed, in what may be called the “enacting clause,” it Would be difficult to hold, that, by any sound rule of construction, they could have the effect of qualifying or varying the stipulations of the parties ; for, the object of the covenant is not to vary the stipulations, but to provide that they should be carried fully into effect. The two clauses, however, are not inconsistent, and may well be read together. The intention is, “entirely to divest himself of all right or title ; so that, he shall have no right to sell and so that, he shall no interest, estate or benefit, either in law or equity, by reason of the intermarriage, as is herein before provided and agreed on, except that he is to have the use and profits of the property during coverture at a nominal rent. The demurrer was p' opc-rly overruled; and the defendant must pay the costs. This opinion will be certified.
Per Curiam. Ordered to be certified accordingly.